IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-12-272 |
| | § | |
| REBECCA JOHNSON CROPP | § | |

**DEFENDANT CROPP'S DEMAND FOR SPEEDY TRIAL**

Comes now, Defendant REBECCA JOHNSON CROPP, through undersigned counsel, and files this demand for speedy trial, and in support thereof would show the Court the following:

1. Defendant is charged in Count 1 of a 17 count indictment with conspiracy to participate in racketeering activity ("RICO") in violation of 18 U.S.C. §1962(d).

2. Defendant Cropp was arrested on November 9, 2012. On February 12, 2013, this Court entered an order denying her appeal of the magistrate-judge's order of detention.

3. No trial date is presently scheduled. However, a trial will certainly be sometime after the pretrial conference date of November 12, 2013.

4. Several defendants in the indictment are death penalty eligible. If the death penalty eligible defendants are not severed, the trial will probably be delayed until 2014.

5 Defendant Cropp should not be required to languish in jail for 2 years awaiting trial. This is particularly true where even if she wrote every letter and e-mail the government attributes to her, it's highly debatable whether she committed a crime.

6. The Federal Speedy Trial Act is found at 18 U.S.C. § 3161 *et seq*. In general, a speedy trial is required within 70 days. There are, however, several notable exceptions. Two are germane to this case. Specifically, 18 U.S.C. § 3161(h)(6) provides for "[a] reasonable period of delay when the

defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." In addition, 18 U.S.C. § 3161(h)(7)(B)(ii) provides "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

7. Languishing in jail (with cancer and hepatitis) for a period of 1-2 years, particularly when it is debatable the Defendant committed a crime (even taking the facts in the light most favorable to the government) is the antithesis of the Federal Speedy Trial Act. Defendant Cropp can be fully prepared for trial in 3 months. The answer is not to make her languish in prison; it is to grant a severance.

8. Defendant Cropp demands a speedy trial.

9. On March 19, 2013 undersigned counsel conferred with Assistant United States Attorney Jay Hileman regarding his position with respect to the granting of this demand. AUSA Hileman stated as this was a demand of Defendant Cropp, it requires no response from the government.

Respectfully submitted,

/s/ Richard Kuniansky
RICHARD KUNIANSKY
Kuniansky & Associates
State Bar No. 11762840
440 Louisiana, Suite 200
Houston, Texas 77002
Telephone:   (713) 622-8333
Facsimile:    (713) 224-2815
ATTORNEY FOR DEFENDANT
REBECCA JOHNSON CROPP

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing MOTION IN LIMINE, has been made by electronic means or U.S. mail this 19th day of March, 2013, as follows:

>Ms. Jay Hileman
>Assistant United States Attorney
>1000 Louisiana, Suite 2300
>Houston, Texas 77002

>/s/ Richard Kuniansky
>Richard Kuniansky

*C:\Users\rbk\Documents\RBK\Current\Cropp\Speedy Trial.wpd*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-12-272 |
| REBECCA JOHNSON CROPP | § § | |

ORDER

Defendant Cropp's Motion for Speedy Trial is GRANTED/DENIED.

SIGNED this ___ day of _____, 2013.

_____
Honorable Sim Lake
United States District Judge